■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS A. EDGEHILL, Also Known as CARLOS GERMAN, Also Known as CARLOS CHASE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barshay, J.), rendered March 6, 1978, convicting him of murder in the first degree and murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court should not have accepted his plea of guilty without further inquiry into possible defenses has not been preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Greenridge,* 129 AD2d 585), and is, in any event, without merit.

Furthermore, although New York's death penalty statute (Penal Law § 60.06) has been declared unconstitutional *(People v Smith,* 63 NY2d 41, *cert denied* 469 US 1227, *reh denied* 471 US 1049; *People v Davis,* 43 NY2d 17, *cert denied* 435 US 998, *cert denied sub nom. New York v James,* 438 US 914), the crime of murder in the first degree has not *(People v Silva,* 69 NY2d 858; *see also, People v Smith, supra,* at 41). Thus, the judgment of conviction for murder in the first degree need not be vacated on that basis.

Finally, although CPL 220.10 (5) (e) prohibits a defendant from entering a plea of guilty to murder in the first degree under Penal Law § 125.27, that provision was enacted in 1974 as part of the legislative scheme to enact a mandatory death penalty (L 1974, ch 367; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 220.10, at 209). Since, as previously mentioned, the death penalty has been declared unconstitutional, the rationale behind CPL 220.10 (5) (e) is not applicable at the present time, nor was it applicable when this judgment was rendered. Therefore, the court did not err in accepting the defendant's plea of guilty to murder in the first degree. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.