■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY GOSS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered November 22, 1985, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to raise his objections to the adequacy of his plea allocution in the Supreme Court, Queens County. Consequently, his claims have not been preserved for appellate review *(see, People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Edgehill,* 130 AD2d 761). In any event, we find that the allocution established the requisite elements of the crime and did not suggest an entrapment defense requiring further inquiry by the court *(see, People v Castro,* 133 AD2d 839).

Furthermore, the Supreme Court did not abuse its discretion in denying the defendant's application to withdraw his plea of guilty on the ground that he received ineffective assistance of counsel at the *Mapp* hearing and the plea proceeding. The defendant's assertion regarding the *Mapp* hearing was based on unreliable double hearsay. His claims concerning his attorney's actions with respect to the plea were directly contradicted by the minutes of that proceeding and are lacking any basis in law. Accordingly, denial of the motion

without a hearing was proper *(see, People v Kelly,* 117 AD2d 680).

Finally, the defendant was properly adjudicated a second felony offender upon his admission that he had previously been convicted of a felony within the requisite time period. The defendant declined an opportunity to challenge his second felony offender status and does not now point to any constitutional infirmity in the prior conviction. Thus, there is no reason to disturb his sentence *(see, People v Johnson,* 134 AD2d 370). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.