■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered March 4, 1987, convicting him of kidnapping in the first degree (two counts), robbery in the first degree (two counts), sexual abuse in the first degree (three counts), assault in the second degree, burglary in the first degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence of concurrent indeterminate terms of 25 years' to life imprisonment on the

convictions of kidnapping in the first degree, concurrent indeterminate terms of 12 to 24 years' imprisonment on the convictions of robbery in the first degree, to run consecutively to the sentences imposed on the kidnapping counts, 3½ to 7 years' imprisonment on the first conviction for sexual abuse in the first degree, to run consecutively to the first kidnapping count, concurrent indeterminate terms of 3½ to 7 years' imprisonment on the second and third convictions of sexual abuse in the first degree as well as assault in the second degree, to run consecutive to the first sexual abuse count, concurrent indeterminate terms of 12½ to 25 years' imprisonment on the convictions of burglary in the first degree, to run consecutively to the sentences imposed on the assault and burglary convictions, and one year on the conviction of criminal possession of stolen property. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by providing that the sentences for sexual abuse in the first degree (three counts) and assault in the second degree shall run concurrently to each other and consecutively to the concurrent sentences for kidnapping in the first degree (two counts), robbery in the first degree (two counts), burglary in the first degree (two counts), and criminal possession of stolen property in the third degree; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause to arrest him. It is well settled that a police officer may arrest a person without a warrant when he has probable cause to believe that that person has committed a crime *(see, People v Johnson,* 66 NY2d 398, 402). " '[A]n arrest need not be supported by information and knowledge which, at the time, excludes all possibility of innocence and points to the defendant's guilt beyond a reasonable doubt * * * As the very name suggests, probable cause depends upon probabilities, not certainty' " *(People v Bero,* 139 AD2d 581, 584; *People v Sanders,* 79 AD2d 688, 690).

The information leading to the defendant's arrest was provided by the complainant, the codefendant Henry Torres and the complainant's boyfriend. Initially, the police were informed by both the codefendant and complainant that one of the perpetrators of the crime was a man by the name of Nelson. The complainant informed the police that she knew

Nelson through her boyfriend. The police questioned her boyfriend and ascertained the full name and address of his friend Nelson, who is the defendant. The defendant was subsequently arrested after he identified himself to the police in the vicinity of the address given by the boyfriend. Viewed in conjunction with the information provided by the codefendant and complainant, the information provided by the boyfriend was sufficient to provide the police with probable cause to arrest the defendant (see, People v Bigelow, 66 NY2d 417). We note additionally that the other information provided to the police by the boyfriend could be properly relied on since it was corroborated by other evidence discovered pursuant to independent police investigation (see, People v Johnson, supra; People v Elwell, 50 NY2d 231).

The imposition of consecutive sentences for two of the three sexual abuse convictions was improper since the record reveals that these crimes were not the result of disparate and separate acts (see, Penal Law § 70.25 [2]; People v Brathwaite, 63 NY2d 839). Although during the attack the defendant committed several distinct crimes relating to sexual abuse, they all resulted from what was essentially one continuous act and so the sentences imposed for these crimes should run concurrently (see, People v Williams, 141 AD2d 783). Furthermore, given the specific circumstances of this case, the judgment is modified, as a matter of discretion in the interest of justice (see, CPL 470.15 [3]), so that the sentences for the kidnapping, robbery and burglary convictions run concurrently to each other (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit (see, People v Mathis, 150 AD2d 613; People v Mehmedi, 69 NY2d 759). Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.