**66** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRIS NERYS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered August 2, 1990, convicting her of murder in the second degree and burglary in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause to arrest her. It is well settled that a police officer may arrest a person without a warrant when he has probable cause to believe that that person has committed a crime (see, People v Johnson, 66 NY2d 398, 402; People v Rodriguez, 168 AD2d 520). Here, the information leading to the defendant's arrest was provided by the codefendant Elizabeth Menard and corroborated by independent police investigation. Although the codefendant stated that she did not know the defendant's name, she described the defendant in a sworn statement to the police, and identified her from a photographic array. This evidence, viewed in conjunction with the independent police investigation, was sufficient to provide the police with probable cause (see, People v Johnson, supra, at 402-403; People v Rodriguez, supra, at 521).

The defendant additionally contends that the court should not have accepted her plea. The defendant failed to preserve this issue for appellate review since she did not move to withdraw the plea in the court of first instance (see, People v Mackey, 77 NY2d 846). In any event, we find that the County Court properly accepted the defendant's plea. The factual admissions made by the defendant during her plea allocution were sufficient to establish the elements of the crimes to which she pleaded guilty (see, Penal Law § 125.25 [3]; § 140.30). Moreover, the defendant pleaded guilty after a complete and detailed allocution, during which she expressed satisfaction with her attorney, and was fully apprised of the consequences of her plea (see, People v Lopez, 71 NY2d 662, 668).

We note that, as part of her plea agreement, the defendant waived her right to contest the length of her sentence (see,

*People v Seaberg,* 74 NY2d 1). Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.