■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH MENARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered August 2, 1990, convicting her of murder in the first degree and burglary in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause for her arrest. It is well settled that a police officer may arrest a person in a public place without a warrant when he or she has probable cause to believe that that person has committed a crime (see, *People v Johnson,* 66 NY2d 398, 402; *People v Rodriguez,* 168 AD2d 520). Here, the arresting police officer heard over the radio in his patrol car that someone had been stabbed on West Broadway in Long Beach. In response to the radio communication, the officer positioned himself between the location of the crime, and a nearby combined train station, taxi stand, and bus depot. Minutes later, the officer observed the defendant running in the shadows, and hiding in some bushes. When the officer approached the defendant, he

asked for her name. Only after persistent questioning did the defendant identify herself. When the officer asked what she was doing in the bushes, the defendant responded, "You're the cop. Tell me". Moreover, while speaking with the defendant, the officer noticed that there was blood on her clothing. In addition, her thumb was cut and there was dried blood on her hand. This information provided the officer with probable cause to believe that the defendant was involved with the stabbing nearby (see, People v Johnson, supra; People v Rodriguez, supra).

The defendant further contends that the County Court should not have accepted her plea of guilty to burglary in the first degree and murder in the second degree (Penal Law § 125.25 [3] [felony murder]). Having failed to move prior to the imposition of sentence to withdraw her plea, the defendant has not preserved for appellate review her challenge to the sufficiency of the plea allocution (see, People v Lopez, 71 NY2d 662, 668; People v McVay, 148 AD2d 474). Thus, the defendant's claim that her factual recitation was legally insufficient is precluded. In any event, the record amply demonstrates that the defendant knowingly and voluntarily entered her guilty plea, and there is no suggestion that the plea was improvident or baseless (see, People v Lopez, supra; People v Francis, 38 NY2d 150, 156).

The defendant further contends that the sentence imposed was excessive. However, as part of the plea agreement, the defendant waived her right to appellate review of the issue of whether the sentence imposed was excessive. In any event, the defendant pleaded guilty with the full understanding that she would receive the sentence that was actually imposed (see, People v Kazepis, 101 AD2d 816), and we find no reason to reduce the sentence in the interest of justice (see, People v Seaberg, 74 NY2d 1, 9). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.