■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW LEO, Appellant. [680 NYS2d 859] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cotter, J.), rendered May 24, 1995, convicting him of murder in the second degree (three counts) and robbery in the first degree (two counts), upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 12½ to 25 years imprisonment on each conviction of robbery in the first degree, to run consecutively to concurrent indeterminate terms of 25 years to life imprisonment on each conviction of murder in the second degree.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed for murder in the second degree under count three of the indictment (felony murder) shall run concurrently with the terms of imprisonment imposed on the convictions of robbery in the first degree; as so modified, the judgment is affirmed.

The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review as he failed to make a motion to withdraw the plea pursuant to CPL 220.60

(3) or a motion to vacate the judgment of conviction under CPL 440.10 (*see, People v Lopez,* 71 NY2d 662, 665-666; *People v Claudio,* 64 NY2d 858). In any event, the record demonstrates that the defendant knowingly and voluntarily entered his guilty plea, and there is no suggestion that the plea was improvident or baseless (*see, People v Menard,* 187 AD2d 458; *People v DeGraff,* 186 AD2d 752).

The defendant's contention that his guilty plea should be vacated due to ineffective assistance of counsel is also unpreserved for appellate review (*see, People v Lu Yang Tong,* 238 AD2d 607; *People v Sierre,* 173 AD2d 211). In any event, upon review of the record, we find that the defendant was provided with meaningful representation (*see, People v Flores,* 84 NY2d 184, 186-187; *People v Baldi,* 54 NY2d 137, 147).

As the People correctly concede, the defendant's sentence for felony murder must be modified to run concurrently with the sentences imposed on the convictions of robbery in the first degree, as the robbery constituted the underlying felony for the felony murder conviction, and was a material element of that offense (*see,* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640, 643; *People v Marro,* 225 AD2d 796; *People v Flores,* 207 AD2d 562). There is no merit to the defendant's contention that the sentences imposed for the other murder counts, which were based upon intentional homicide and depraved indifference, must run concurrently with the sentences imposed for the robbery counts.

The defendant's sentence was not excessive in light of his lengthy criminal record and the brutally violent nature of the crime (*see, People v Suitte,* 90 AD2d 80; *People v Craig,* 194 AD2d 687; *People v Barrales,* 221 AD2d 348). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.