▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYDE H. MARTIN, Appellant. [776 NYS2d 499]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered October 10, 2001, convicting him of robbery in the first degree (two counts) and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of attempted robbery in the first degree to at-

tempted robbery in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on that conviction.

The defendant contends that the Supreme Court failed to inquire further to ensure that his plea to the counts of robbery in the first degree under Penal Law § 160.15 (4) was knowing and voluntary after he stated that the firearms displayed during the robberies were not loaded. This contention is unpreserved for appellate review as the defendant neither moved to withdraw his plea on this ground nor moved to vacate the judgment pursuant to CPL 440.10, and the "rare case" exception to the preservation requirement does not apply (*People v Lopez*, 71 NY2d 662, 665-666 [1988]). We decline to review this contention in the exercise of our interest of justice jurisdiction.

However, the defendant's contention regarding the adequacy of his plea allocution to attempted robbery in the first degree presents an exception to the preservation requirement and may be reviewed on direct appeal (*see People v Lopez, supra*). The defendant's statement during the allocution that neither he nor his accomplice had a firearm with respect to the attempted robbery negated an essential element of the crime (*see* Penal Law § 160.15 [4] [displays what appears to be a firearm]) and imposed an obligation on the Supreme Court to inquire further (*see People v Lopez, supra*). In the absence of proof that a firearm was displayed, the defendant could only be convicted of attempted robbery in the third degree (*see People v Lopez*, 73 NY2d 214, 219 [1989]). The People correctly consent to the reduction of the defendant's conviction of attempted robbery in the first degree to attempted robbery in the third degree. Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing on that conviction.

The sentences imposed on the defendant's convictions of robbery in the first degree were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Townes, Cozier and Mastro, JJ., concur.