■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT R. SIOLESKI, Appellant. [799 NYS2d 812]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered May 30, 2003, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment so much of the order of protection as directed that it remain in effect until May 26, 2030, is vacated, on the law and as a matter of discretion in the interest of justice, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for a new determination of the duration of the order of protection.

The defendant contends that his plea of guilty was not knowing and intelligent because the County Court failed to inquire into possible intoxication and insanity defenses. This contention is unpreserved for appellate review, since the defendant did not move either to withdraw his plea of guilty or vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Claudio,* 64 NY2d 858 [1985]; *People v Gaines,* 11 AD3d

478 [2004]; *People v Martin*, 7 AD3d 640, 641 [2004]). Furthermore, the narrow exception to the preservation rule, as set forth in *People v Lopez* (*supra* at 666), is inapplicable here since there is nothing in the allocution which would cast significant doubt on the defendant's guilt, or otherwise call into question the voluntariness of his plea (*see People v Richardson*, 13 AD3d 561 [2004], *lv denied* 4 NY3d 890 [2005]; *People v Martin, supra; People v Harrell*, 288 AD2d 489 [2001]). In any event, the record demonstrates that the defendant knowingly and voluntarily entered his guilty plea, and there is no suggestion that the plea was improvident or baseless (*see People v Leo*, 255 AD2d 458, 459 [1998]; *People v Menard*, 187 AD2d 458, 459 [1992]; *People v DeGraff*, 186 AD2d 752, 753 [1992]).

The defendant's contention that the duration of the final order of protection failed to take into account his jail-time credit is unpreserved for appellate review. The defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Johnson*, 16 AD3d 521 [2005]). As the People correctly concede, the County Court's determination as to the duration of the order of protection issued at sentencing pursuant to CPL 530.13 (4) should have taken into account the defendant's jail-time credit (*see People v Pettiford*, 1 AD3d 466 [2003]; *People v Serrano*, 309 AD2d 822, 823 [2003]; *People v Smith*, 308 AD2d 604 [2003]; *People v Nieves, supra*). Accordingly, we remit the matter to the County Court, Dutchess County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

The defendant's remaining contentions are either unpreserved for appellate review (*see People v Marin*, 157 AD2d 804, 805 [1990]) or involve matter dehors the record (*see People v Aguirre*, 304 AD2d 771 [2003]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.