■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BEVINS, Appellant. [811 NYS2d 429]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 13, 2005, convicting him of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that his plea of guilty was not knowing, intelligent, and voluntary because the County Court knew that he was a chronic alcoholic and did not ask during the plea allocution whether he was thinking clearly or was under the influence of alcohol. Having failed either to move to withdraw his plea on this ground or to vacate the judgment pursuant to CPL

440.10, the defendant failed to preserve this contention for appellate review (*see People v Clarke*, 93 NY2d 904, 905 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Martin*, 7 AD3d 640, 641 [2004]; *People v Deyes*, 3 AD3d 575, 576 [2004]). Furthermore, contrary to the defendant's contention, the narrow exception to the preservation requirement as set forth in *People v Lopez* (71 NY2d 662, 665 [1988]) is inapplicable because the defendant's factual recitation did not cast significant doubt on his guilt, or otherwise call into question the voluntariness of his plea. In any event, the record demonstrates that the guilty plea was voluntary, knowing, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez, supra* at 666; *People v Harris*, 61 NY2d 9, 17 [1983]).

The defendant's effective waiver of his right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]) precludes review of his claim that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Jones*, 21 AD3d 968, 969 [2005]). Santucci, J.P., Luciano, Fisher and Covello, JJ., concur.