■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY THOMPSON, Appellant. [816 NYS2d 80]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered January 25, 2005, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence and the adjudication of the defendant as a prior felony offender; as so modified, the judgment is affirmed and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith.

The defendant's contentions that his plea of guilty was not knowingly, voluntarily, and intelligently made, and that he was not provided with effective assistance by counsel, are either unpreserved for appellate review because he failed to move to withdraw his plea or vacate the judgment of conviction, or cannot be raised on direct appeal since they are based on matter dehors the record (*see* CPL 470.05 [2]; *People v Catts,* 26 AD3d 341 [2d Dept 2006]; *People v Spotards,* 23 AD3d 586 [2005]; *People v Leo,* 255 AD2d 458 [1998]). In any event, the record indicates that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see People v Fiumefreddo,* 82 NY2d 536, 543-547 [1993]; *People v Sioleski,* 21 AD3d 501 [2005], *lv denied* 5 NY3d 856 [2005]; *People v Leo, supra*), and, insofar as we can tell from the record, that he was provided with meaningful assistance of counsel (*see People v Benevento,* 91 NY2d 708, 714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

Nonetheless, as the People correctly concede, the defendant was improperly adjudicated a prior felony offender, since the sentence imposed upon the defendant's prior conviction was not

imposed before the commission of the present felony (*see* Penal Law § 70.06 [1] [b] [ii]; *People v Acevedo,* 292 AD2d 538 [2002]). Therefore, the defendant's adjudication as a prior felony offender must be vacated, and the matter remitted to the County Court, Nassau County, for the resentencing of the defendant as a first-time felony offender. All issues concerning the appropriate sentence to be imposed may be raised before the sentencing court upon remittal.

The defendant's contention that the sentence is otherwise excessive is academic. The defendant's remaining contentions are without merit (*see* Penal Law § 60.04 [3]; L 2004, ch 738, § 41 [d-1]; *see also People v Evans,* 16 AD3d 595, 596 [2005]). Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.