THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTIAN LOPEZ, Appellant. [825 NYS2d 775]—Appeal by the defendant from (1) an amended judgment of the Supreme Court, Queens County (Morgenstern, J.), rendered March 23, 2004, revoking a sentence of conditional discharge previously imposed by the same court upon a finding that he had violated a condition thereof, and resentencing him upon his previous conviction of criminal contempt in the second degree under Queens County indictment No. 58042/03, upon his plea of guilty, and (2) a judgment of the same court, also rendered March 23, 2004, convicting him of resisting arrest under Queens County indictment No. 13913/04, upon his plea of guilty, and imposing sentence.

Ordered that the amended judgment and the judgment are affirmed.

The defendant's contentions regarding the factual sufficiency and the voluntariness of his pleas of guilty to criminal contempt in the second degree and resisting arrest, and the court's alleged failure to conduct a hearing with regard to his violation of the terms of his conditional discharge, are improperly raised on the appeal from the amended judgment (see *People v Satiro,* 28 AD3d 497 [2006]; *People v Christie,* 236 AD2d 482 [1997]; *People v Smith,* 203 AD2d 495 [1994]), or are unpreserved for appellate review since the defendant never sought to withdraw or set aside his pleas of guilty in the court of first instance and did not deny his violation of the conditional discharge or seek a hearing with respect thereto (see *People v Toxey,* 86 NY2d 725 [1995];

*People v Lopez,* 71 NY2d 662 [1988]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Thompson,* 28 AD3d 498 [2006]; *People v Bevins,* 27 AD3d 572 [2006]; *People v Matos,* 27 AD3d 485 [2006]; *People v Zaborowski,* 16 AD3d 1058 [2005]). Under the circumstances of this case, we decline to exercise our interest of justice jurisdiction to review any of these issues. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.