■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BROOKS, Appellant. [828 NYS2d 553]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered June 7, 2005, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that his plea of guilty was not knowing or voluntary because he allegedly was under the influence of marijuana at the time the plea was entered and that he received ineffective assistance of counsel. Because he moved for leave to withdraw the plea based only on grounds other than these, however, his present claims are not preserved for appellate review (*see People v Clarke*, 93 NY2d 904 [1999]; *People v Pellegrino*, 60 NY2d 636 [1983]; *People v Bevins*, 27 AD3d 572 [2006]; *People v Martin*, 7 AD3d 640 [2004]).

In any event, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty to manslaughter in the first degree (*see* Penal Law § 125.20 [1]), following a hearing, upon finding that the plea was knowingly, voluntarily, and intelligently entered in the presence of the defendant's counsel (*see People v Holman*, 33 AD3d 815 [2006]; *People v Palmer*, 29 AD3d 606 [2006]; *People v Tis-*

*siera*, 22 AD3d 611 [2005]). The defendant's assertion that his plea was neither knowing nor voluntary because he had smoked marijuana on the previous day is belied by the record of the plea proceeding, which demonstrates that the defendant denied the use of drugs or medications at that time and that he appropriately answered the County Court's questions, allocuted to the crime, and expressly stated that he understood the proceedings (*see People v Martinez*, 33 AD3d 631 [2006]; *People v Rodriguez*, 270 AD2d 434 [2000]). The defendant's claim that he was denied the effective assistance of counsel is similarly belied by the fact that defense counsel obtained a favorable plea which limited the defendant's term of imprisonment and which satisfied an outstanding, unrelated felony charge, and there is nothing in the record which casts doubt upon counsel's effectiveness (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Reels*, 17 AD3d 488 [2005]). Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.