■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSS, Appellant. [837 NYS2d 585]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated August 25, 1997 (*People v Ross,* 242 AD2d 392 [1997]), affirming a judgment of the Supreme Court, Kings County, rendered September 12, 1994.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY ROSS, Appellant. [841 NYS2d 310]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered April 5, 2006, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that his plea of guilty was not knowingly, voluntarily, and intelligently made, and that he was not provided with the effective assistance of counsel, are unpreserved for appellate review because he failed to move to withdraw his plea on these grounds (*see People v Thompson,* 28 AD3d 498 [2006]; *People v Catts,* 26 AD3d 341 [2006]). The exception to the preservation requirement (*see People v Lopez,* 71 NY2d 662, 666 [1988]) is inapplicable herein because nothing in the plea allocution casts significant doubt on the defendant's guilt, or calls into question the voluntariness of his plea (*see People v Martin,* 7 AD3d 640, 641 [2004]). In any event, based on the record, the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see People v Fiumefreddo,* 82 NY2d 536, 543-547 [1993]; *People v Sioleski,* 21 AD3d 501, 502 [2005]; *People v Leo,* 255 AD2d 458, 459 [1998]).

To the extent that the defendant argues that his plea was invalid on the ground that he was denied the effective assistance of counsel because of his counsel's alleged failure to advise him of potentially viable defenses, such contentions "cannot be reviewed on direct appeal since [they are] based on matter which

is dehors the record" (*see People v Spotards*, 23 AD3d 586, 587 [2005]). To the extent that the defendant's contentions are based on the record, he was provided with meaningful assistance of counsel (*see People v Benevento*, 91 NY2d 708, 714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.