■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD STEVENS, Appellant. [844 NYS2d 329]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 17, 2006, convicting him of burglary in the first degree, robbery in the first degree, burglary in the second degree, robbery in the second degree, criminal possession of stolen property in the fourth degree (two counts), possession of burglar's tools, resisting arrest, and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of those branches of the defendant's omnibus motion which were to suppress identification and physical evidence.

Ordered that the judgment is affirmed.

On February 9, 2005 the defendant entered a private house in Queens County, without the permission of the owners, by opening the door to the house with a screwdriver. The defendant took DVDs, cash, and jewelry from the house. When confronted by one of the occupants of the house, the defendant pretended to have a gun in his hand, and told the occupant that if she moved, he would "blow her head off." Soon after the commission of the crime, police officers received a radio transmission stating that an officer was in need of assistance, indicating a description of the crime as a burglary, and stating that the suspect was a male black, approximately six feet tall, wearing a black jacket. Within 10 or 15 minutes after the officers initially

received the radio transmission, they observed the defendant, who fit that description, and they pursued him as he quickly ran from the crime scene. The officers apprehended and detained the defendant. Within approximately one minute, three witnesses to the burglary, including the occupant who had confronted the defendant and two other occupants of the house, arrived in two separate police vehicles. The witnesses indicated to the officers that the defendant was the person who had come into their house and taken their property, and threatened them with what appeared to be a gun. After these showup identifications, the defendant was placed under arrest.

After a *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]) and a *Mapp* hearing (*see Mapp v Ohio,* 367 US 643 [1961]), the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress the property recovered from him and to suppress the three showup identifications of the defendant by the witnesses.

The determination of the hearing court, which had the advantage of hearing and seeing the witnesses first hand, is to be accorded great weight on appeal (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Jade,* 286 AD2d 688, 689 [2001]; *People v Rosario,* 245 AD2d 470 [1997]). The hearing court was correct in finding that the officers, having observed that the defendant matched the description in the radio transmission of the person who had committed the crimes, had reasonable suspicion to believe that the defendant was that person. Moreover, the showup identifications were sufficiently close in time and location to the commission of the crimes that they were not unduly suggestive. Therefore, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress the property recovered from him, as well as the three showup identifications.

Since the defendant failed to move prior to the imposition of sentence to withdraw his plea or to vacate the judgment of conviction (*see People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Deale,* 29 AD3d 602, 603 [2006]; *People v Carden* 27 AD3d 573 [2006]), he failed to preserve for appellate review his claim that his plea was not valid because the Supreme Court failed to conduct a further inquiry as to whether he was aware of and waived any possible defenses (*see People v Clarke,* 93 NY2d 904, 906 [1999]). Moreover, and contrary to the defendant's contention, the defendant's recitation of the facts during his allocution did not negate an essential element of the crimes of robbery in the first degree and burglary in the first degree, or cast significant doubt on the defendant's guilt of these offenses.

Hence, the defendant may not avail himself of any recognized exception to the preservation rule (*see People v Lopez,* 71 NY2d 662, 666 [1988]).

The record indicates that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see People v Fiumefreddo,* 82 NY2d 536, 543-547 [1993]; *People v Sioleski,* 21 AD3d 501, 502 [2005]; *People v Leo,* 255 AD2d 458, 459 [1998]).

The defendant's remaining contention is unpreserved for appellate review and without merit in any event. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.