██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO CASTILLO-CORDERO, Appellant. [864 NYS2d 567]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered September 29, 2005, convicting him of attempted murder in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent because the court failed to sufficiently inform him of the rights he was waiving by pleading guilty "is unpreserved for appellate review since he did not move to withdraw his plea on this ground prior to sentencing (*see* CPL 470.05 [2]; *People v Toxey,* 86 NY2d 725, 726 [1995]; *People v LeGrady,* 50 AD3d 1059 [2008]; *People v Ramsey,* 49 AD3d 565 [2008]; *People v Herdt,* 45 AD3d 698 [2007]). In any event, the defendant's plea was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Lopez,* 71 NY2d 662 [1988]; *People v Harris,* 61 NY2d 9, 17 [1983])" (*People v Simpson,* 52 AD3d 846, 847 [2008]).

The defendant's contention that his plea of guilty should be vacated because the court failed to advise him that he would be subject to a period of postrelease supervision at the time he pleaded guilty is unpreserved for appellate review. While it is true that the defendant initially was not advised of a period of postrelease supervision at the time he pleaded guilty, he was brought back to court and so advised subsequent thereto and more than a month before he appeared for sentencing. Thus he had an opportunity to challenge the voluntariness of his plea,

by motion or otherwise, prior to, or even at the commencement of, the actual imposition of sentence (*cf. People v Hill,* 9 NY3d 189 [2007]; *People v Louree,* 8 NY3d 541, 545 [2007]). Since he did not raise such a challenge, either formally or informally, and he was sufficiently advised of a period of postrelease supervision prior to sentencing, the contention is unpreserved for appellate review (*see generally People v Lopez,* 71 NY2d 662 [1988]). Lifson, J.P., Florio, Eng and Belen, JJ., concur.