■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARRENCE SMITH, Appellant. [867 NYS2d 99]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 15, 2006, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Having failed to move to withdraw his plea prior to sentencing, the defendant's current contentions that his plea was not knowingly, voluntarily, and intelligently entered, and that he was denied the effective assistance of counsel, are unpreserved for appellate review (*see People v Toxey,* 86 NY2d 725 [1995]; *People v LeGrady,* 50 AD3d 1059 [2008]; *People v Ross,* 41 AD3d 870 [2007]; *People v Fecu,* 38 AD3d 565 [2007]; *People v Huchital,* 22 AD3d 681 [2005]). This case does not fall within the narrow exception which arises when the defendant's plea recitation of the facts underlying the crime casts significant doubt on the defendant's guilt (*see People v Lopez,* 71 NY2d 662 [1988]; *People v LeGrady,* 50 AD3d 1059 [2008]; *People v Ross,* 41 AD3d 870 [2007]). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo,* 82 NY2d

536, 543 [1993]; *People v Callahan,* 80 NY2d 273, 283 [1992]; *People v Moissett,* 76 NY2d 909, 910-911 [1990]; *People v Matos,* 27 AD3d 485 [2006]). Furthermore, the defendant's claims cannot be reached on this appeal for the additional reason that they are based on matters which are outside the record (*see People v LeGrady,* 50 AD3d 1059 [2008]; *People v Ross,* 41 AD3d 870 [2007]; *People v Villacreses,* 12 AD3d 624, 626 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.