■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MATOS, Appellant. [873 NYS2d 913]—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Melendez, J., at plea; Chin-Brandt, J., at sentence), both rendered March 28, 2006, convicting him of attempted robbery in the second degree under superior court information 637/06 and attempted assault in the second degree under superior court information 639/06, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention in his supplemental pro se brief challenging the validity of his pleas of guilty has not been preserved for appellate review and there was nothing contained within the record that cast doubt on his guilt (*see People v Lopez*, 71 NY2d 662 [1988]; *People v Churchill*, 52 AD3d 621 [2008]).

The defendant's contention that he was denied the effective assistance of counsel rests, in part, on matter dehors the record and, therefore, cannot be reviewed on direct appeal (*see People v Ross*, 41 AD3d 870 [2007]). To the extent that the defendant's contention can be reviewed, he was provided with the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 714 [1998]).

The sentence imposed in accordance with the plea of guilty was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON MAXWELL, Appellant. [873 NYS2d 917]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered March 17, 2008, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.