■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY DOYLE, Appellant. [878 NYS2d 631]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered March 13, 2008, convicting her of arson in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Having failed to move to withdraw her plea prior to sentencing, the defendant did not preserve for appellate review her contentions that her plea was not knowingly, voluntarily, and intelligently entered (see CPL 470.05 [2]; *People v Antoine,* 59 AD3d 560 [2009]; *People v Castillo-Cordero,* 54 AD3d 1054 [2008]; *People v Bevins,* 27 AD3d 572 [2006]; *People v Martin,* 7 AD3d 640 [2004]). In any event, the record demonstrates that her plea of guilty was knowingly, voluntarily, and intelligently made (see *People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Callahan,* 80 NY2d 273, 283 [1992]; *People v Moissett,* 76 NY2d 909, 910-911 [1990]; *People v Harris,* 61 NY2d 9, 16 [1983]; *People v Nixon,* 21 NY2d 338 [1967], *cert denied sub*

*nom. Robinson v New York,* 393 US 1067 [1969]). To the extent that the defendant's contentions regarding alleged ineffective assistance of counsel rest on matter outside the record, they are not reviewable on direct appeal (*see People v Ali,* 55 AD3d 919 [2008]; *People v Drago,* 50 AD3d 920 [2008]). Insofar as the contentions are reviewable, we find that the defendant received meaningful representation (*see People v Drago,* 50 AD3d 920 [2008]; *People v Brooks,* 36 AD3d 929, 930 [2007]; *People v Grimes,* 35 AD3d 882, 883 [2006]).

Since the defendant pleaded guilty with the understanding that she would receive the sentence which was thereafter actually imposed, she has no basis now to complain that her sentence was excessive (*see People v De Alvarez,* 59 AD3d 732 [2009]; *People v Fanelli,* 8 AD3d 296 [2004]; *People v Mejia,* 6 AD3d 630, 631 [2004]; *People v Kazepis,* 101 AD2d 816 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.