THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN QUIMAN, Appellant. [895 NYS2d 870]—Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Cacace, J.), rendered April 28, 2008, convicting him of burglary in the third degree under superior court information No. 07-01501, upon his plea of guilty, and imposing sentence, (2) a judgment of the Supreme Court, Westchester County (Walker, J.), rendered May 1, 2008, convicting him of reckless endangerment in the first degree under superior court information No. 07-01522, upon his plea of guilty, and imposing sentence, (3) a judgment of the Supreme Court, Westchester County (Walker, J.), also rendered May 1, 2008, convicting him of robbery in the third degree under superior court information No. 07-01585, upon his plea of guilty, and imposing sentence, and (4) an amended judgment of the Supreme Court, Westchester County (Colangelo, J.), rendered April 30, 2008, revoking a sentence of probation previously imposed by the same court under superior court information No. 06-00841 upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the third degree.

Ordered that the judgments and the amended judgment are affirmed.

Having failed to move to withdraw his pleas prior to sentencing, the defendant's contentions that the pleas were not knowingly, voluntarily, and intelligently entered are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Antoine*, 59 AD3d 560 [2009]; *People v Castillo-Cordero*, 54 AD3d 1054 [2008]; *People v Bevins*, 27 AD3d 572 [2006]; *People v Martin*, 7 AD3d 640 [2004]). In any event, the defendant's pleas of guilty were knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Moissett*, 76 NY2d 909, 910-911 [1990]; *People v Harris*, 61 NY2d 9, 16 [1983]; *People v Nixon*, 21 NY2d 338 [1967]). To the extent that the defendant's contentions regarding any alleged ineffective assistance of counsel rest

on matters outside the record, they are not reviewable on direct appeal (*see People v Ali*, 55 AD3d 919 [2008]; *People v Drago*, 50 AD3d 920 [2008]). Insofar as the contentions are reviewable, we find that the defendant received meaningful representation (*see People v Drago*, 50 AD3d 920 [2008]; *People v Brooks*, 36 AD3d 929, 930 [2007]; *People v Grimes*, 35 AD3d 882, 883 [2006]).

Since the defendant pleaded guilty with the understanding that he would receive the sentences which were thereafter actually imposed, he has no basis to now complain that his sentences are excessive (*see People v De Alvarez*, 59 AD3d 732 [2009]; *People v Fanelli*, 8 AD3d 296 [2004]; *People v Mejia*, 6 AD3d 630, 631 [2004]; *People v Kazepis*, 101 AD2d 816 [1984]). In any event, the sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.