■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS S. SHELL, Appellant. [902 NYS2d 367]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered January 9, 2007, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant failed to move to withdraw his plea prior to sentencing, his contention on appeal that his plea was not knowingly, voluntarily, and intelligently entered has not been preserved for appellate review (see CPL 470.05 [2]; People v Antoine, 59 AD3d 560 [2009]; People v Castillo-Cordero, 54 AD3d 1054 [2008]; People v Bevins, 27 AD3d 572 [2006]; People v Martin, 7 AD3d 640 [2004]). In any event, the record demonstrates that his plea of guilty was knowingly, voluntarily, and intelligently made (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Callahan, 80 NY2d 273, 283 [1992]; People v Moissett, 76 NY2d 909, 910-911 [1990]; People v Harris, 61 NY2d 9, 16 [1983]; People v Nixon, 21 NY2d 338 [1967], cert denied sub nom. Robinson v New York, 393 US 1067 [1969]). To the extent that the defendant's contentions regarding any alleged ineffective assistance of counsel rest on matter outside the record, they are not reviewable on direct appeal (see People v Ali, 55 AD3d 919 [2008]; People v Drago, 50 AD3d 920 [2008]). Insofar as the contentions are reviewable, we find that the defendant received meaningful representation (see People v Drago, 50 AD3d 920 [2008]; People v Brooks, 36 AD3d 929, 930 [2007]; People v Grimes, 35 AD3d 882, 883 [2006]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis now to complain that the sentence was excessive (see People v De Alvarez, 59 AD3d 732 [2009]; People v Fanelli, 8 AD3d 296 [2004]; People v Mejia, 6 AD3d 630, 631 [2004]; People v Kazepis, 101 AD2d 816 [1984]). In any event, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.