People v Perez (2018 NY Slip Op 02658)





People v Perez


2018 NY Slip Op 02658


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-07755
 (Ind. No. 15-00634)

[*1]The People of the State of New York, respondent,
v
Bergin Perez, appellant.


John P. Savoca, Yorktown, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Andrew R. Kass of counsel; William E. Podszus on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered June 21, 2016, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenges to the validity of his plea of guilty are unpreserved for appellate review because he failed to move to withdraw his plea on these grounds before the County Court (see People v Clarke, 93 NY2d 904, 906; People v Villalobos, 71 AD3d 924, 924; People v Ross, 41 AD3d 870, 870). In any event, the record as a whole affirmatively demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375, 382-383; People v Thomas, 150 AD3d 770, 771).
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the defendant signed a written waiver of his right to appeal, nothing in the record demonstrates that the document was translated for the defendant, who required the use of a Spanish language interpreter, before it was presented to him for signature (see People v Guarchaj, 122 AD3d 878, 879; People v Pelaez, 100 AD3d 803, 803). As the defendant's purported waiver of his right to appeal was invalid, it does not does not preclude appellate review of his excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court