People v Facey (2018 NY Slip Op 08685)





People v Facey


2018 NY Slip Op 08685


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-02697
 (Ind. No. 15-388)

[*1]The People of the State of New York, respondent,
v
Howard Facey, appellant.


Mani Tafari, Melville, NY, for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Amanda M. Doty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered January 25, 2017, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Moore, 140 AD3d 1091, 1091; People v Bethea, 133 AD3d 1033, 1034). However, the defendant's contentions regarding the voluntariness of his plea survive his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Zapata, 158 AD3d 778; People v Squitieri, 157 AD3d 911). 
The defendant contends that his plea of guilty was not knowing and voluntary because the County Court failed to sufficiently advise him of the deportation consequences of his plea of guilty. This contention is unpreserved for appellate review (see People v Peque, 22 NY3d 168, 183; People v Mohammad, 148 AD3d 1185, 1186; People v Egbunike, 133 AD3d 776, 777; People v DiPietro, 115 AD3d 977, 977). In any event, the contention is without merit. The court sufficiently discharged its duty to inform the defendant of the immigration consequences of his plea of guilty by repeatedly stating that the plea could result in the defendant's deportation (see People v Peque, 22 NY3d at 197; People v Mohammad, 148 AD3d at 1185; People v Egbunike, 133 AD3d at 777).
The defendant's remaining contention, that his admission that he may have consumed a small quantity of alcohol on the date of the plea undermines the validity of the plea, is unpreserved for appellate review (see People v Bevins, 27 AD3d 572, 573). In any event, this contention is without merit where, as here, the County Court confirmed that the defendant was sober, coherent, alert, and competent on the date of the plea (see id. at 573; People v Galagan, 35 AD3d 973, 974).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court