People v Mestric (2019 NY Slip Op 05157)





People v Mestric


2019 NY Slip Op 05157


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2015-10699
 (Ind. No. 2296/14)

[*1]The People of the State of New York, respondent,
v
Michael Mestric, also known as AOE, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Kayonia L. Whetstone of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Robert Schwartz, J.), rendered August 7, 2015, revoking a sentence of probation previously imposed by the same court (Barry Kron, J.), upon a finding that the defendant violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous convictions of criminal mischief in the second degree and criminal mischief in the third degree (four counts).
ORDERED that the amended judgment is affirmed.
A court may not revoke a sentence of probation without finding that the defendant has violated a condition of the sentence and affording the defendant an opportunity to be heard (see CPL 410.70[1]). The statutory requirements may be satisfied either by conducting a revocation hearing pursuant to CPL 410.70(3) (see People v Lora, 162 AD2d 719), or through an admission by the defendant of the violation, coupled with a proper waiver of the defendant's right to a hearing (see People v McDevitt, 97 AD3d 1039, 1040).
The defendant's contention that the procedure surrounding the admission to his violation of a condition of a previously imposed sentence of probation rendered the admission invalid is unpreserved for appellate review (see People v Williams, 27 NY3d 212; People v Nahshal, 146 AD3d 817; People v Heine, 122 AD3d 644; People v Quiman, 71 AD3d 921), and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]; People v Hazel, 145 AD3d 797).
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court