■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMORIE EDWARDS, Appellant. [816 NYS2d 128]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered November 18, 2003, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (LaPera, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The County Court correctly denied that branch of the defendant's omnibus motion which was to suppress a loaded, operable handgun. "The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Parker*, 306 AD2d 543, 543 [2003]). Here, the record supports the hearing court's finding that the

officer saw the gun in plain view upon shining his flashlight into the defendant's car from outside (*see People v Parris,* 26 AD3d 393, 394 [2006]).

The defendant's challenge to the legal sufficiency of the evidence, limited to his conviction of criminal possession of a weapon in the second degree, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's grand jury testimony, which was admitted into evidence by stipulation at trial, established both his possession of a loaded weapon and his intention to use it unlawfully.

Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention, that the verdict was repugnant, is unpreserved for appellate review and, in any event, is without merit. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.