■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP SCUDERI, Appellant. [822 NYS2d 723]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 30, 2005, convicting him of robbery in the first degree and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

*Ordered that the judgment is affirmed.*

Contrary to the defendant's contention, the County Court did not err in failing to order, sua sponte, an examination to determine if he understood the plea proceeding (*see* CPL 730.30

[1]; *People v Pryor*, 11 AD3d 565, 566 [2004]; *People v Gomez*, 256 AD2d 356 [1998]; *People v Rowley*, 222 AD2d 718 [1995]; *People v Hollis*, 204 AD2d 569 [1994]; *People v Polimeda*, 198 AD2d 242, 243 [1993]).

The defendant failed to preserve for appellate review his claim that his plea was not valid because the County Court failed to conduct a further inquiry as to whether he was aware of and waived any possible defenses (*see People v Clarke*, 93 NY2d 904, 905 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Martin*, 7 AD3d 640, 641 [2004]; *People v Harrell*, 288 AD2d 489 [2001]; *People v Edgehill*, 130 AD2d 761, 762 [1987]). The exception to this preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]) is inapplicable herein because nothing in the plea allocution casts significant doubt on the defendant's guilt, or calls into question the voluntariness of his plea (*see People v Richardson*, 13 AD3d 561 [2004]; *People v Harrell*, *supra; compare People v Simone*, 179 AD2d 694 [1992]). In any event, the record demonstrates that the defendant's plea was knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez, supra; People v Harris*, 61 NY2d 9, 17 [1983]). Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.