■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GONZALEZ, Appellant. [843 NYS2d 417]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered April 7, 2005, convicting him of burglary in the second degree, criminal possession of burglar's tools, criminal possession of stolen property in the fifth degree, disorderly conduct, and failing to have a lamp on a bicycle in violation of Vehicle and Traffic Law § 1236 (a), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that various remarks made by the prosecutor during summation were improper and deprived the defendant of a fair trial is unpreserved for appellate review. The defendant failed to object to all but one of the allegedly improper remarks and, in the single instance where an objection was made, the court announced that it would give a curative instruction. The defendant thereafter sought no further relief from the trial court with respect thereto (see CPL 470.05 [2]; *People v Salnave*, 41 AD3d 872, 874 [2007]; *People v Ahmed*, 40 AD3d 869 [2007]). In the circumstances of this case, we decline to invoke our interest of justice jurisdiction to review the defendant's unpreserved claims of prosecutorial misconduct (see CPL 470.15 [3] [c]; [6] [a]).

We note that, with respect to the defendant's contention that the prosecutor referred to certain telephone records not introduced into evidence, the prosecutor specifically asked defense counsel, before the close of all of the evidence, to stipulate to the admission of the telephone records, indicating the prosecutor's readiness, in the alternative, to call a rebuttal witness from the New York City Department of Corrections to authenticate the records. Defense counsel thereafter asked to consult with the defendant with respect to this request, but never objected to the admission, into evidence, of the telephone records. Moreover, defense counsel made extensive use of the records in an attempt to prove that any relationship between the defendant and a codefendant developed only after their arrests in this case.

Finally, contrary to the defendant's contention, defense counsel's failure to object to the prosecutor's remarks and references, without more, did not amount to ineffective assistance of counsel under the circumstances presented, as the defendant failed "to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*People v Taylor*, 1 NY3d 174, 176 [2003] [citations and internal quotation marks omitted]; *People v Tonge*, 93 NY2d 838, 839-840 [1999]; *cf. People v Lauderdale*, 295 AD2d 539, 540-541 [2002]). Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.