■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUSIELEWICZ, Appellant. [846 NYS2d 243]—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Barros, J.), both rendered October 6, 2000, convicting him of rape in the third degree under indictment No. 2925/00, and assault in the second degree and unauthorized use of a motor vehicle under indictment No. 4426/00, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, or intelligently made is unpreserved for appellate review since he did not move to withdraw his plea on this ground prior to sentencing (see CPL 470.05 [2]; People v Jones, 41 AD3d 509 [2007]; People v Nicholas, 8 AD3d 300 [2004]). In any event, to the extent that the claim rests on the record, we find that the defendant's plea was knowing, voluntary, and intelligent (see People v Scuderi, 33 AD3d 1026, 1027 [2006]). That portion of his claim that is based on matter dehors the record cannot be reviewed on direct appeal (see People v Vasquez, 40 AD3d 1134, 1135 [2007]). The defendant's claim that he was denied his right to the effective assistance of counsel rests on matters partially dehors the record as well and to that extent it may not be reviewed on direct appeal (see People v Gonzalez, 44 AD3d 790 [2007]; People v Bolden, 44 AD3d 871 [2007]). Insofar as the claim rests on the record, we find that the defendant's counsel was not ineffective (see People v Baldi, 54 NY2d 137 [1981]; People v Petteway, 22 AD3d 772 [2005]).

The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80, 83 [1982]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.