■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC RAMSEY, Appellant. [855 NYS2d 162]—

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review since he did not move to withdraw his plea on this ground prior to sentencing (*see* CPL 470.05 [2]; *People v Rusielewicz,* 45 AD3d 704 [2007]; *People v Scott,* 39 AD3d 570, 571 [2007]; *People v Nicholas,* 8 AD3d 300 [2004]). In any event, to the extent that the contention can be reviewed on the record, we find that the defendant's plea was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Lopez,* 71 NY2d 662 [1988]; *People v Harris,* 61 NY2d 9, 17 [1983]).

The defendant's further contention that he was denied his right to the effective assistance of counsel under the Federal and State Constitutions rests on matter partially dehors the record, which cannot be reviewed on direct appeal (*see People v Rusielewicz,* 45 AD3d 704 [2007]; *People v Gonzalez,* 44 AD3d 871 [2007], *lv denied* 9 NY3d 1006 [2007]; *People v Bolden,* 44 AD3d 784 [2007]). To the extent that the claim can be reviewed, the record does not support the defendant's contention that he was denied the effective assistance of counsel under either the Federal or the State Constitution (*see Strickland v Washington,* 466 US 668 [1984]; *People v McDonald,* 1 NY3d 109 [2003]; *People v Benevento,* 91 NY2d 708, 713 [1998]; *People v Ford,* 86 NY2d 397, 404 [1995]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

Moreover, since the defendant pleaded guilty with the understanding that he would receive the sentence that was thereafter imposed, he has no basis to now complain that his sentence was excessive (*see People v Kazepis,* 101 AD2d 816 [1984]). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.