THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. GALLO, Appellant. [899 NYS2d 655]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered January 8, 2009, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the plea allocution was factually insufficient is unpreserved for appellate review, as he failed to move to either withdraw his plea on this ground prior to sentencing or to vacate the judgment pursuant to CPL 440.10 (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725 [1995]; *People v Elcine*, 43 AD3d 1176 [2007]; *People v Swanton*, 27 AD3d 591 [2006]; *People v Huchital*, 22 AD3d 681 [2005]). The narrow exception to the preservation rule, which arises when the defendant's plea recitation of the facts underlying the crime casts significant doubt on guilt (*see People v Lopez*, 71 NY2d 662 [1988]), is inapplicable in this case.

The defendant's contention that his plea of guilty should be vacated because it was not knowingly, voluntarily, and intelligently made, and that the County Court should not have accepted it without holding a hearing on his competence, is without merit. Although the defendant had been released from the Mid-Hudson Forensic Psychiatric Center shortly before he entered his plea of guilty, there is no basis in the record to support the conclusion that, at the time of the plea proceeding, he

lacked the capacity to understand the proceeding, or that he was unable to assist in his defense (*see* CPL 730.30 [1]; *People v Hollis*, 204 AD2d 569 [1994]). The responses made by the defendant at the plea and sentencing proceedings were appropriate and did not indicate that he was incapacitated (*see People v Pryor*, 11 AD3d 565 [2004]; *People v Hansen*, 269 AD2d 467 [2000]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.