■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS LEE TRENT, Appellant. [903 NYS2d 236]—Appeals by the defendant from two judgments of the County Court, Suffolk County (Braslow, J.), both rendered January 8, 2009, convicting him of operating a motor vehicle while under the influence of alcohol as a felony under indictment No. 1250/08, and attempted burglary in the third degree under indictment No. 2266/08, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that his pleas of guilty were not knowingly, voluntarily, and intelligently given is unpreserved for appellate review since he did not move to withdraw his pleas on this ground prior to sentencing (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v LeGrady*, 50 AD3d 1059 [2008]; *People v Ramsey*, 49 AD3d 565 [2008]; *People v Herdt*, 45 AD3d 698 [2007]). In any event, the defendant's pleas were knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]).

The defendant contends that he was deprived of the effective assistance of counsel because his attorney failed to request a competency hearing. However, there is no basis in the record to conclude that the defendant lacked the capacity to understand the proceedings against him or to assist in his own defense (*see* CPL 730.10 [1]; *People v Lyons*, 306 AD2d 541 [2003]; *People v Rivas*, 206 AD2d 549 [1994]; *People v Johnston*, 186 AD2d 680 [1992]). Furthermore, the record as a whole reveals that counsel's representation did not fall below an objective standard of reasonableness (*see Hill v Lockhart*, 474 US 52, 58-59 [1985]; *Strickland v Washington*, 466 US 668, 687 [1984]; *People v McDonald*, 1 NY3d 109, 113-114 [2003]). Dillon, J.P., Santucci, Belen and Sgroi, JJ., concur.