■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLIE JO SHAFFER, Appellant. [917 NYS2d 267]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Grady, J.), rendered November 17, 2009, convicting her of criminal possession of a controlled substance in the fifth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that her plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review since she did not move to withdraw the plea or to vacate the judgment of conviction (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Trent*, 74 AD3d 1370 [2010]; *People v LeGrady*, 50 AD3d 1059, 1060 [2008]; *People v Ramsey*, 49 AD3d 565 [2008]). Furthermore, the record does not support the defendant's claim that at the time she entered her plea of guilty, she lacked the capacity to understand the proceedings against her or was unable to assist in her defense (*see* CPL 730.10 [1]; *People v Gensler*, 72 NY2d 239, 243-246 [1988], *cert denied* 488 US 932 [1988]; *People v Gallo*, 73 AD3d 804 [2010]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Monk*, 29 AD3d 605 [2006]). Nor was there any indication that the County Court had a reasonable ground for believing that the defendant's mental state was such that she was incapable of understanding the charge, indictment, or proceedings, or of making her defense (*see People v Smyth*, 3 NY2d 184, 187 [1957]; *People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]). The responses made by the defendant at the plea and sentencing proceedings were appropriate and did not indicate that she was incapacitated (*see People v Gallo*, 73 AD3d 804 [2010]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Pryor*, 11 AD3d 565, 566 [2004]). Accordingly, the County Court did not improvidently

exercise its discretion in failing, sua sponte, to order a competency hearing.

The defendant contends that she was deprived of the effective assistance of counsel because her attorney failed to request a competency hearing. However, there can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion that had little or no chance of success (*see People v Terrell*, 78 AD3d 865 [2010]; *People v Goddard*, 72 AD3d 839, 840 [2010]; *People v DeHaney*, 66 AD3d 1040, 1041 [2009]). Furthermore, the record as a whole reveals that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-715 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Hughes*, 62 AD3d 1026 [2009]), and that counsel's representation did not fall below an objective standard of reasonableness (*see Hill v Lockhart*, 474 US 52, 57 [1985]; *Strickland v Washington*, 466 US 668, 687 [1984]; *People v McDonald*, 1 NY3d 109, 113 [2003]). Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.