■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BATISTA, Appellant. [919 NYS2d 350]—

The Supreme Court's failure, sua sponte, to direct a competency hearing pursuant to CPL article 730 does not require

reversal. A defendant is presumed to be competent, and there is no basis in the record to conclude that at the time the defendant entered his plea of guilty, he lacked the capacity to understand the proceedings against him or was unable to assist in his defense (*see* CPL 730.10 [1]; *People v Morgan*, 87 NY2d 878, 880 [1995]; *People v Gensler*, 72 NY2d 239, 243-246 [1988], *cert denied* 488 US 932 [1988]; *People v Shaffer*, 81 AD3d 989 [2d Dept 2011]; *People v Gallo*, 73 AD3d 804 [2010]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Monk*, 29 AD3d 605 [2006]). The mere existence of a notation in the presentence report that the defendant, approximately 10 years earlier, had been diagnosed as emotionally and learning disabled, does not, without more, trigger a duty to inquire as to his competency (*see People v Kessler*, 5 AD3d 504, 505 [2004]; *People v Hansen*, 269 AD2d 467, 468 [2000]; *People v Hollis*, 204 AD2d 569 [1994]). Furthermore, the responses made by the defendant at the plea and sentencing proceedings were appropriate and did not indicate that he was incapacitated (*see People v Gallo*, 73 AD3d 804 [2010]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Pryor*, 11 AD3d 565 [2004]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.