1074

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JENNINGS, Appellant. [929 NYS2d 786]—

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Skelos, Florio, Hall and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JOHNSON, Appellant. [929 NYS2d 756]—

The Supreme Court did not err in failing to order a competency hearing. A defendant is presumed to be competent, and there is no basis in the record to conclude that, at the time the defendant entered his plea of guilty, he lacked the capacity to understand the proceedings against him or was unable to assist in his defense (*see* CPL 730.10 [1]; *People v Morgan*, 87 NY2d 878, 880 [1995]; *People v Gensler*, 72 NY2d 239, 243-246 [1988], *cert denied* 488 US 932 [1988]; *People v Batista*, 82 AD3d 1113, 1114 [2011]; *People v Shaffer*, 81 AD3d 989 [2011]; *People v Gallo*, 73 AD3d 804, 804-805 [2010]). The mere existence of a notation in the presentence report that the defendant has been treated for bipolar disorder since 2002 does not, without more, trigger a duty to inquire as to his competency (*see People v Batista*, 82 AD3d at 1114; *People v Kessler*, 5 AD3d 504, 505 [2004]; *People v Hansen*, 269 AD2d 467, 467-468 [2000]). Furthermore, the responses made by the defendant at the plea and sentencing proceedings were appropriate and did not indicate that he was incapacitated (*see People v Gallo*, 73 AD3d at 805; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Pryor*, 11 AD3d 565, 566 [2004]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.