■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER R. CARR, Appellant. [933 NYS2d 372]—

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw the plea on that ground (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Lopez*, 71 NY2d 662 [1988]; *People v Hernandez-Bautista*, 89 AD3d 749 [2011]; *People v Cooper*, 88 AD3d 1009 [2011]; *People v Shaffer*, 81 AD3d 989 [2011]; *People v Trent*, 74 AD3d 1370 [2010]). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Harris*, 61 NY2d 9 [1983]).

To the extent that the defendant's claim of ineffective assistance of counsel is reviewable on direct appeal, his contention is without merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to the defendant's contention, his attorney made a pretrial omnibus motion on his behalf and negotiated an advantageous plea agreement that substantially limited his exposure to imprisonment (*see People v Browning*, 44 AD3d 1067, 1067-1068 [2007]; *People v Reels*, 17 AD3d 488, 489 [2005]; *People v Torres*, 302 AD2d 481 [2003]). Accordingly, defense counsel provided meaningful representation.

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis now to complain that the sentence was excessive (*see People v Bunn*, 79 AD3d 1143 [2010]; *People v Kazepis*, 101 AD2d 816 [1984]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.