Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered July 27, 2011, convicting him of attempted grand larceny in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
A waiver of the right to appeal is enforceable where, as here, it is voluntary, knowing, and intelligent (see People v Callahan, 80 NY2d 273, 280 [1992]; People v Seaberg, 74 NY2d 1, 11 [1989]; People v Finn, 56 AD3d 490 [2008]).
*678 A defendant cannot waive, as part of a plea bargain, a question as to his competency to stand trial (see People v Allen, 86 NY2d 599, 602 [1995]; People v Armlin, 37 NY2d 167, 172 [1975]). Similarly, a challenge to a defendant’s competency remains outside the ambit of a valid appeal waiver (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d at 9). Here, however, the defendant’s contention that his plea was involuntary because he was mentally incompetent to understand the nature of the charges against him is belied by the record. The defendant’s most recent psychological evaluation concluded that the defendant was mentally competent, and defense counsel stated that he did not wish to controvert that evaluation. Moreover, the defendant’s responses during the plea and sentence proceedings were appropriate and did not indicate that he was incapacitated (see People v Batista, 82 AD3d 1113, 1114 [2011]; People v Gallo, 73 AD3d 804, 805 [2010]; People v Pryor, 11 AD3d 565, 566 [2004]; People v Hollis, 204 AD2d 569 [1994]).
The original charge under count one of the indictment had been reduced by a prior order of the County Court from grand larceny in the third degree to attempted grand larceny in the third degree on the ground that the evidence was legally insufficient to establish the offense charged. The People neither filed a reduced indictment nor exercised any of their other options pursuant to CPL 210.20 (6) within 30 days following the entry of the order. As part of a negotiated plea bargain, the defendant pleaded guilty to count one as reduced by the County Court. Contrary to the defendant’s contention in his pro se supplemental brief, at the time of the plea, the reduced “charge . . . remained viable after expiration of the 30-day stay” (People v Flock, 30 AD3d 611, 612 [2006]; see People v Jackson, 87 NY2d 782, 784 [1996]).
The defendant’s claim, made in his pro se supplemental brief, that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim [ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in *679 its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Bradshaw, 18 NY3d 257, 264-267 [2011]; People v Lopez, 6 NY3d at 255-256).
By pleading guilty, the defendant forfeited his right to seek review of any alleged Brady violation (see Brady v Maryland, 373 US 83 [1963]; People v Huggins, 105 AD3d 760, 761 [2013]; People v Kidd, 100 AD3d 779 [2012]).
Rivera, J.E, Lott, Roman and Hinds-Radix, JJ., concur.