■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY BURLEY, Appellant. [986 NYS2d 853]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered September 28, 2012, convicting him of robbery in the first degree, robbery in the second degree (two counts), robbery in the third degree, grand larceny in the fourth degree, sexual abuse in the first degree, and forcible touching, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court failed to ascertain his "fitness to proceed" (CPL 730.30 [1]) to trial is without merit. The court ordered an examination pursuant to CPL 730.30 (1), and a psychologist and a psychiatrist each found the defendant fit to stand trial. Relying on the reports of the pretrial examinations conducted less than two months before the trial began, as well as on its own observations of, and interactions with, the defendant, the court providently exercised its discretion in determining that the defendant was fit to proceed. The court was not required, under the circumstances presented, to hold a hearing (*see* CPL 730.30 [2]; *People v Tortorici*, 92 NY2d 757, 766 [1999]).

The defendant failed to establish that he received ineffective assistance of counsel under either federal or state constitutional standards. The record establishes that defense counsel provided meaningful representation (*see People v Berroa*, 99 NY2d 134, 138 [2002]; *People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Negron*, 112 AD3d 741 [2013]). Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.