■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN EDWARDS, Appellant. [987 NYS2d 864]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 13, 2001 (*People v Edwards*, 288 AD2d 320 [2001]), affirming a judgment of the Supreme Court, Kings County, rendered February 10, 1999.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Balkin, Hall and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN R. EPPS, Appellant. [987 NYS2d 855]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered December 17, 2012, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Pryor*, 11 AD3d 565, 566 [2004]). In any event, the plea was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]). Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.