The People of the State of New York, Respondent, v Jean Azor, Appellant. [1 NYS3d 284]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered January 14, 2011, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Carroll, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The People correctly acknowledge that the defendant's waiver of his right to appeal was invalid (see People v Hesterbey, 121 AD3d 1127 [2014]).

The defendant challenges the propriety of the Supreme Court's denial, after a hearing, of that branch of his omnibus motion which was to suppress physical evidence. The evidence adduced at the suppression hearing indicated that the defendant was stopped for a traffic infraction, was unable to produce a driver's license, and, when he attempted to turn off the ignition, the ignition cylinder fell out of the steering column. Evidence before the hearing court indicated that one of the officers saw the handle of a knife on the defendant's person. The defendant was patted down for safety reasons and a knife of more than four inches in length was recovered from his person. The stop and frisk was justified by a reasonable suspicion that the defendant was involved in a crime, and that the defendant posed a threat to the safety of the officers (see People v Davenport, 92 AD3d 689, 691 [2012]). Thereafter, a revolver was properly recovered when, upon shining a flashlight on the engine compartment through a gap created by a crease in the damaged hood of the car, the police had sufficient light to see the revolver in plain view resting next to the car's battery (see People v Edwards, 29 AD3d 818 [2006]). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, as he failed to move to withdraw his plea (see People v Heidgen, 22 NY3d 981 [2013]; People v Williams, 110 AD3d 746 [2013]; People v Colston, 68 AD3d 1130 [2009]).

Contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Beach*, 118 AD3d 905 [2014]; *People v Nash*, 38 AD3d 684 [2007]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.