■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHEMCHAN SULAIMAN, Appellant. [20 NYS3d 650]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Quinn, J.), rendered April 24, 2014, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree (two counts), aggravated criminal contempt (two counts), criminal contempt in the first degree (two counts), and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court should have, sua sponte, ordered an additional competency evaluation of the defendant or a second competency hearing is without merit. On two separate occasions, the court issued an order of examination pursuant to CPL 730.30 (1). The psychologist and the psychiatrist designated as the psychiatric examiners pursuant to those respective orders each found the defendant fit to proceed. A psychiatrist retained by defense counsel to evaluate the defendant prepared a report and did not conclude that the defendant was unfit to proceed. The court conducted a competency hearing and considered the report of the psychiatrist retained by defense counsel, the reports and testimony of the designated psychiatric examiners, and testimony of civilian witnesses. Based upon this evidence, the court providently exercised its discretion in determining that the defendant was competent and fit to proceed to trial (*see People v Burley,* 118 AD3d 720, 720 [2014]; *People v Bennett,* 63 AD3d 1086, 1087 [2009]; *People v Berry,* 45 AD3d 693 [2007]).

The defendant also contends that he was deprived of the effective assistance of counsel because his attorney failed to ensure that he was fit to proceed, and did not request an adjournment of the competency hearing in order to retain another psychiatrist to evaluate him or move for a second competency hearing. The record as a whole reveals that the defendant received meaningful representation (*see People v Jermain,* 56 AD3d 1165 [2008]; *People v Ferrer,* 16 AD3d 913, 914-915 [2005]; *see generally People v Colon,* 61 AD3d 772, 773 [2009]), and that counsel's representation did not fall below an objective standard of reasonableness (*see generally Strickland v Washington,* 466 US 668, 688 [1984]). "[T]here can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion that had little or no chance of success" (*People v Shaffer,* 81 AD3d 989, 990 [2011]).

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Narbonne*, 131 AD3d 626, 627 [2015]; *People v Epps*, 118 AD3d 1018 [2014]; *People v Carr*, 89 AD3d 1033, 1034 [2011]; *People v Trent*, 74 AD3d 1370 [2010]; *People v Hemion*, 37 AD3d 616, 616-617 [2007]). Contrary to the defendant's contention, the narrow exception to the preservation rule does not apply here (*see People v Azor*, 124 AD3d 671, 672 [2015]; *see also People v Lopez*, 71 NY2d 662, 666 [1988]). In any event, the plea was knowingly, voluntarily, and intelligently entered. The mere fact that the defendant may have had a mental condition did not impair his ability to make a valid plea (*see People v Godfrey*, 33 AD3d 623, 624 [2006]; *People v Rodriguez*, 83 AD3d 449 [2011]), and the colloquy between the Supreme Court and the defendant during the defendant's allocution did not reveal a reasonable ground to believe that the defendant lacked the capacity to understand the proceeding against him or to assist in his own defense (*see People v Gordon*, 107 AD3d 739, 740 [2013]; *People v Keiser*, 100 AD3d 927, 928-929 [2012]; *People v Johnson*, 87 AD3d 1074 [2011]). The court fully apprised the defendant of the constitutional rights waived by his plea of guilty, as well as other consequences bearing upon his choice to plead guilty to the charges. The defendant acknowledged his guilt and that he understood the implications of his plea, and the facts admitted by the defendant during his plea allocution were sufficient to support his guilty plea (*see People v Booth*, 23 AD3d 766, 767 [2005]; *People v Briggs*, 21 AD3d 652, 653 [2005]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.