Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered October 6, 2015, as amended October 8, 2015, convicting her of assault in the second degree (two counts), upon her plea of guilty, and imposing sentence.
 

 Ordered that the judgment, as amended, is affirmed.
 

 The defendant was charged with certain crimes based on allegations that she assaulted her children in June 2014. The defendant claimed that she could not recall the events in question as a result of a blackout resulting from either alcohol abuse or posttraumatic stress disorder. She agreed to enter an Alford plea of guilty (see North Carolina v Alford, 400 US 25 [1970]) to two counts of assault in the second degree, and explicitly waived the defense of intoxication (see People v Braman, 136 AD2d 382 [1988]). Defense counsel noted that an Alford plea, which would not require the defendant to admit her guilt, was recommended based upon a mental health evaluation of the defendant which indicated that she suffered from extreme posttraumatic stress disorder from domestic and sexual abuse when she was a teenager, and also suffered from substance abuse, including alcohol abuse, which could have caused her to black out and be unable to remember “all the events that occurred.” The defendant acknowledged that the “People have established sufficient evidence to prove” her guilt. No request was made for an examination as to whether the defendant was competent to proceed.
 

 A defendant is incompetent to proceed if the defendant “as a result of mental disease or defect lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense” (CPL 730.10 [1]). A defendant is presumed competent, and mental health issues standing alone are generally not sufficient to trigger a duty to inquire as to the defendant’s competency (see People v Batista, 82 AD3d 1113, 1114 [2011]). Here, the defendant’s responses during the plea and sentence proceedings were appropriate and did not indicate that she was incapacitated (see id. at 114; People v Gallo, 73 AD3d 804, 805 [2010]). The record demonstrates that her plea of guilty was voluntary (see People v Francabandera, 33 NY2d 429, 434 [1974]; People v Douglas, 139 Misc 2d 241 [Sup Ct, Bronx County 1988], citing Wilson v United States, 391 F2d 460 [DC Cir 1968]).
 

 Defense counsel negotiated a favorable plea agreement whereby the defendant avoided consecutive sentences, and received a sentence of three years in prison, which was the statutory minimum for a second felony offender who is being sentenced for a class D violent felony offense (see Penal Law former § 70.06 [6] [c]). There is no indication on this record that counsel was ineffective (see People v Honghirun, 29 NY3d 284, 289 [2017]).
 

 The defendant’s remaining contentions are without merit.
 

 Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.