People v Vicente (2018 NY Slip Op 08700)





People v Vicente


2018 NY Slip Op 08700


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-08641
2017-01248
 (Ind. No. 724-14)

[*1]The People of the State of New York, respondent,
v
Miguel Vicente, appellant.


Christopher J. Cassar, P.C., Huntington, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Suffolk County (William J. Condon, J.), rendered July 24, 2015, convicting him of criminal sale of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated August 19, 2015, which denied, without a hearing, his motion to vacate the judgment pursuant to CPL 440.10.
ORDERED that the judgment and the order are affirmed.
On June 15, 2015, the defendant pleaded guilty to one count of criminal sale of a controlled substance in the first degree, in full satisfaction of a multicount indictment that included, inter alia, a charge of operating as a major trafficker (of controlled substances). Prior to sentencing, the defendant, represented by new counsel, moved to vacate his plea on the grounds of coercion and former counsel's alleged failure to properly investigate the case. The motion was summarily denied and the defendant received the negotiated-for sentence. The defendant subsequently filed a postconviction motion to vacate the judgment of conviction, based on the same grounds. The motion was denied without a hearing by the Supreme Court.
Where, as here, a defendant pleads guilty, he or she forfeits appellate review of any claim of ineffective assistance of counsel that does not directly involve the plea negotiation process (see People v Amorosano, 153 AD3d 849; People v Buggsward, 138 AD3d 881, 882). Moreover, "[w]hen a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rests largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [internal quotation marks omitted]).
Here, the defendant's contention that he was coerced into pleading guilty as a result of ineffective assistance by his former counsel is belied, inter alia, by the defendant's statements during the plea proceeding, at which he was represented by his former counsel, and acknowledged under oath that he was satisfied with his former counsel's representation, and that he had not been coerced into pleading guilty (see People v Bennett, 115 AD3d 973, 974). Therefore, we agree with [*2]the Supreme Court's denial, without a hearing, of the defendant's motion to withdraw his plea on this ground.
The defendant's contention that the Supreme Court erred in failing to conduct a further inquiry into the validity of the plea in light of the defendant's generalized denial of guilt during his interview with the Department of Probation is unpreserved for appellate review, since the defendant failed to move to withdraw his plea on that ground (see CPL 470.05[2]). In any event, the contention is without merit (see People v Goberman, 164 AD3d 602, 603; People v Smith, 148 AD3d 939, 940).
We also agree with the Supreme Court's denial, without a hearing, of the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. The defendant's contentions that the ineffective assistance of his former counsel infected his plea are belied by the record, which reflects that former counsel negotiated a favorable plea agreement that substantially limited the defendant's exposure to imprisonment and that, under the totality of the circumstances, the defendant received meaningful representation (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137; People v Carr, 89 AD3d 1033, 1034; People v Mobley, 221 AD2d 376, 376).
The defendant's waiver of the right to appeal—the validity of which is not questioned on appeal—precludes him from invoking this Court's interest of justice jurisdiction to reduce the sentence (see People v Lopez, 6 NY3d 248, 255; People v Cantarero, 123 AD3d 841, 841).
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court