People v Henriquez (2019 NY Slip Op 00303)





People v Henriquez


2019 NY Slip Op 00303


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-13443
 (Ind. No. 1463/17)

[*1]The People of the State of New York, respondent,
v
Misael Henriquez, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered November 20, 2017, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with one count of criminal possession of a controlled substance in the fourth degree. On September 20, 2017, he pleaded guilty to the charged offense in exchange for a promised sentence of, inter alia, three years' probation. As part of the plea agreement, the defendant was asked to waive his right to appeal.
On appeal, the defendant challenges the validity of the appeal waiver and contends that his plea was not knowing, intelligent, and voluntary because the Supreme Court never informed him of the possible consequences of a violation of probation.
As a threshold matter, we need not decide whether the defendant's appeal waiver is valid, since his only other contention concerns the voluntariness of his plea—a question that survives even a valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10).
The defendant never moved before the sentencing court to withdraw his plea of guilty, despite having had an opportunity to do so (see CPL 470.05[2]; People v Pastor, 28 NY3d 1089, 1090), and nothing in the plea minutes casts significant doubt upon the defendant's guilt (see People v Lopez, 71 NY2d 662, 666). Therefore, his contention that the plea was not knowing, voluntary, and intelligent is unpreserved for appellate review (see People v Sulaiman, 134 AD3d 860, 861; People v Sabo, 117 AD3d 1089). In any event, the contention is without merit (cf. People v Monk, 21 NY3d 27).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court