People v Murray (2020 NY Slip Op 04492)





People v Murray


2020 NY Slip Op 04492


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-13106
 (Ind. No. 17-00491)

[*1]The People of the State of New York, respondent,
v
Michael G. Murray, appellant. Philip H. Schnabel, Chester, NY, for appellant.


David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered October 4, 2018, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the voluntariness of his plea of guilty is not preserved for appellate review, as he failed to move to withdraw the plea or otherwise object to it prior to the imposition of sentence (see People v Williams, 27 NY3d 212, 214; People v Henriquez, 168 AD3d 876, 876-877). In any event, the record reflects that the plea of guilty was entered into voluntarily, knowingly, and intelligently (see People v Haffiz, 19 NY3d 883, 884-885; People v Kovalsky, 166 AD3d 900, 901).
The defendant's contention that the County Court should have ordered a hearing pursuant to CPL article 730 to determine his competency is without merit. During the plea proceedings, the defendant assured the court that he did not suffer from any physical or mental condition which could affect his ability to understand and participate in the proceedings, and his responses to the court's inquires during the plea allocution did not suggest any lack of mental capacity (see People v Pelaez, 100 AD3d 803, 804; People v Johnson, 87 AD3d 1074; People v Hansen, 269 AD2d 467, 467-468).
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court