People v Cariello (2020 NY Slip Op 04570)





People v Cariello


2020 NY Slip Op 04570


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-02571

[*1]The People of the State of New York, respondent,
v
Nicholas Cariello, appellant. (S.C.I. No. 871-16)


Thomas J. Butler, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered January 30, 2017, convicting him of rape in the third degree and forcible touching, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On May 17, 2016, the defendant pleaded guilty to rape in the third degree and forcible touching and agreed, as part of the plea agreement, to abide by certain terms and conditions during a one-year period of interim probation. In the event that the defendant failed to comply with these conditions, he would be subjected to an enhanced sentence of one and one-half years of imprisonment followed by three years of postrelease supervision.
On June 15, 2016, in violation of the terms of the interim probation, the defendant was arrested and charged with two counts of criminal contempt in the first degree and two counts of menacing in the second degree. The defendant moved pursuant to CPL 220.60 to withdraw his plea of guilty. The defendant argued, among other things, that he was not properly advised of the terms and conditions of the interim probation. The County Court, without a hearing, denied the motion. Thereafter, on January 30, 2017, the court imposed an enhanced sentence of one and one-half years of imprisonment followed by three years of postrelease supervision.
The defendant contends that his plea was involuntary because his attorney and the County Court failed to adequately apprise him of the terms and conditions of the interim probation. A review of the plea colloquy reveals that the defendant was advised by the court of the terms and conditions of the interim probation, executed an acknowledgment of his receipt of these terms and conditions, and was informed that his failure to abide by such terms and conditions would result in the imposition of a prison sentence (see People v Waite, 119 AD3d 1086, 1087; People v Wissert, 85 AD3d 1633). Further, the defendant's claim that he did not understand the terms and conditions of the interim probation as a result of being denied effective assistance of counsel is belied by the defendant's admissions that he discussed the case with his attorney and was satisfied with his representation.
Moreover, the defendant's prior diagnoses of mental health conditions and learning [*2]disabilities, as noted in the presentence report, did not, without more, trigger a duty to inquire as to his competency to understand the terms and conditions of the interim probation (see People v Spencer, 156 AD3d 731, 732; People v Batista, 82 AD3d 1113, 1114). The responses made by the defendant at the plea and sentencing proceedings were appropriate and did not indicate that he was unable to understand the terms and conditions of the interim probation (see People v Spencer, 156 AD3d at 732; People v Batista, 82 AD3d at 1114; People v Gallo, 73 AD3d 804, 805).
Accordingly, we agree with the County Court's determination to deny the defendant's motion pursuant to CPLR 220.60 to withdraw his plea of guilty.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court