People v Kelly (2022 NY Slip Op 05218)

People v Kelly

2022 NY Slip Op 05218

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2018-09896
 (Ind. No. 1561/13)

[*1]The People of the State of New York, respondent,
v
Lorenzo Kelly, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Libbi L. Vilher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from so much of an order of the Supreme Court, Nassau County (Patricia A. Harrington, J.), entered July 20, 2018, as denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Philip M. Grella, J.) rendered September 18, 2014, convicting him of aggravated driving while intoxicated, driving while intoxicated per se, driving while intoxicated, driving while ability impaired by the combined influence of drugs and alcohol, driving while ability impaired by drugs, aggravated vehicular assault (two counts), vehicular assault in the first degree (two counts), vehicular assault in the second degree (two counts), assault in the first degree (two counts), assault in the second degree (two counts), assault in the third degree, reckless endangerment in the first degree, reckless driving, leaving the scene of an incident without reporting (two counts), aggravated unlicensed operation of a motor vehicle in the first degree (two counts), and aggravated unlicensed operation of a motor vehicle in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed insofar as appealed from.
Contrary to the Supreme Court's determination, the defendant did not forfeit his right to seek review of an alleged Brady violation (see Brady v Maryland, 373 US 83) by pleading guilty (see People v Fisher, 28 NY3d 717, 722; People v Wilson, 159 AD3d 1600, 1601). To the extent
that our prior decisions hold that a defendant forfeits the right to seek review of an alleged Brady violation by pleading guilty (see e.g. People v Slater 141 AD3d 677, 678; People v Nelson, 137 AD3d 948, 948; People v Leach, 115 AD3d 677, 679, affd 26 NY3d 1154; People v Huggins, 105 AD3d 760, 761; People v Kidd, 100 AD3d 779, 779; People v Philips, 30 AD3d 621, 621-622; People v Knickerbocker, 230 AD2d 753, 753-754), they are no longer to be followed.
Nevertheless, the Supreme Court properly determined that the defendant failed to establish a Brady violation. "To make out a successful Brady claim, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v McGhee, 36 NY3d 1063, 1064-1065 [internal quotation marks omitted]). "[I]n cases where a defendant pleads guilty and the People have suppressed exculpatory evidence, the defendant must establish that the evidence would have materially affected the decision [*2]to plead rather than go to trial" (People v Fisher, 28 NY3d at 722). Here, the defendant failed to establish that the purported Brady material was favorable to him (see People v Yedinak, 157 AD3d 1052, 1056), that it was suppressed by the People (see People v Brown, 183 AD3d 910, 911; People v Pleasant, 146 AD3d 985, 986), or that it would have materially affected his decision to plead guilty rather than go to trial (see People v Kinney, 107 AD3d 563, 564).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147), or under the United States Constitution (see Strickland v Washington, 466 US 668). "There can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Benjamin, 188 AD3d 715, 716 [internal quotation marks omitted]; see People v Caban, 5 NY3d 143, 152; People v Bernardez, 85 AD3d 936, 937). There is no merit to the defendant's contention that he was deprived of the effective assistance of counsel by his trial counsel's failure to move to suppress the results of the defendant's blood test based on errors made by a laboratory analyst in unrelated cases, failure to move for sanctions pursuant to former CPL 240.20 based on the People's failure to preserve the defendant's blood sample, or failure to advise the defendant that the laboratory analyst's errors could result in sanctions against the People, suppression of the evidence, or dismissal of charges (see People v Leftenant, 173 AD3d 1211, 1211-1212; People v Hines, 172 AD3d 1225, 1226).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court