People v Orta (2024 NY Slip Op 04152)

People v Orta

2024 NY Slip Op 04152

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2019-05246
 (Ind. No. 4572/17)

[*1]The People of the State of New York, respondent,
v
Justin Orta, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and David E. Mehl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered March 7, 2019, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.
ORDERED that the judgment is affirmed.
On June 8, 2017, shortly before midnight, a vehicle driven by the defendant was stopped by police officers for a traffic infraction. Once the vehicle was stopped, a police officer approached, without his firearm drawn. The police officer saw the defendant's passenger in the rear passenger side of the vehicle stick his hands out the window and directed the passenger to put his hands back in the vehicle. After the passenger complied, the police officer walked up to the window where the passenger was sitting, looked in the window using a flashlight, and saw the muzzle of a gun on the floor of the vehicle sticking out from the passenger's feet. The police officer drew his firearm, directed the occupants of the vehicle not to move, and placed the occupants of the vehicle in custody. The vehicle was taken back to the police station, where additional firearms were recovered from it.
During oral argument at the suppression hearing, defense counsel argued that "[t]here was a right to stop and ask about the car, but [the passenger] sticking his hands out of the car did not give rise to probable cause for the officer to go in with a search light and search him." The prosecutor argued that it was not a search "to have the flashlight on in the car." The Supreme Court, after a hearing, denied suppression of the physical evidence on the ground that the gun on the floor of the vehicle was observed in plain view. Thereafter, the defendant entered a plea of guilty to attempted criminal possession of a weapon in the second degree. The defendant appeals.
The defendant concedes that it was proper to stop the vehicle for a traffic infraction. The defendant's contention that the police officer's use of a flashlight constituted an illegal search is without merit (see People v Cruz, 34 NY2d 362, 370; People v Azor, 124 AD3d 671; People v Merritt,96 AD3d 1169; People v Edward, 29 AD3d 818).
The defendant did not preserve for appellate review his contention that the police officer's direction to the defendant's passenger to put his hands back in the vehicle constituted an illegal search (see People v Thompson, 211 AD3d 755; People v Vann, 92 AD3d 702; People v Nadal, 57 AD3d 574). In any event, there is no evidence that the passenger's hands were obstructing the police officer's view of the floor of the rear portion of the vehicle. Further, the police officer had the right to ask the passenger to move as a precaution (see People v Garcia, 20 NY3d 317, 321; People v Mundo, 99 NY2d 55, 58), and to ask the passenger to move his hands (see People v Tyler, 262 AD2d 136).
Accordingly, that branch of the defendant's omnibus motion which was to suppress certain physical evidence was properly denied.
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court