People v Fowler (2024 NY Slip Op 05987)

People v Fowler

2024 NY Slip Op 05987

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-10727
 (Ind. No. 4991/17)

[*1]The People of the State of New York, respondent,
v
Davon Fowler, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered August 2, 2019, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 494). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed to request a competency hearing is without merit. "[T]here can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion that had little or no chance of success" (People v Shaffer, 81 AD3d 989, 990). Here, on two separate occasions, the Supreme Court issued an order of examination pursuant to CPL 730.30(1), and the psychologists designated as the psychiatric examiners pursuant to those respective orders each found the defendant fit to proceed. Moreover, defense counsel retained a psychologist to separately evaluate the defendant who did not conclude that the defendant was unfit to proceed (see People v Hassan, 172 AD3d 744, 745; People v Sulaiman, 134 AD3d 860, 860; People v Shaffer, 81 AD3d at 990). The record as a whole reveals that the defendant received meaningful representation (see People v Jermain, 56 AD3d 1165; People v Ferrer, 16 AD3d 913), and that counsel's representation did not fall below an objective standard of reasonableness (see People v Sulaiman, 134 AD3d at 860; see generally Strickland v Washington, 466 US 668, 688).
The defendant's challenge to certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, the [*2]challenged remarks constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693) or were responsive to defense counsel's comments during summation (see People v Dimas, 228 AD3d 955, 957; People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446). To the extent that any of the prosecutor's remarks were improper, they were "not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394; see People v Svanberg, 293 AD2d 555). Further, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any improper remarks made by the prosecutor during summations contributed to the defendant's conviction (see People v Dimas, 228 AD3d at 957; People v Green, 223 AD3d 914; People v Wu Long Chen, 210 AD3d 702).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court